**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 26-6272**

JOHN T. HARDEE, and other inmates, similarly situated,

Plaintiff - Appellant,

v.

MUNICIPAL JAIL VIRGINIA BEACH SHERIFF'S OFFICE, in their individual and official capacity; SHERIFF ROCKY HOLCOMB; SGT. J. WILSON, #20-007 Individual and official capacity; SGT. A. EDWARDS, #12-017; GRIEVANCE COORDINATOR JOHN DOE, #15-014; SGT.  CONTI-OR-CONTE, #98-012,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, Chief District Judge.  (3:25-cv-00088-MHL-MRC)

Submitted: July 14, 2026                                        Decided:  July 27, 2026

Before NIEMEYER and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

John T. Hardee, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John T. Hardee seeks to appeal the district court's order dismissing his particularized 42 U.S.C. § 1983 complaint for failure to state a claim and as legally frivolous. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on January 13, 2026, and the appeal period expired on February 12, 2026. Hardee filed the notice of appeal on February 16, 2026.[*] Because Hardee failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the handwritten date appearing on the notice of appeal is the earliest date Hardee could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).